UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS BARON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00334-DBH |
| | ) | |
| USA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

Over objection, the defendant's motion to amend its answer is granted.

**Background**

Plaintiff Thomas Baron filed this action on October 31, 2012.  In his complaint he alleges medical malpractice based on care he received as a patient of the Department of Veterans Affairs Clinic in Bangor, Maine.  In an answer filed December 28, 2012, the United States admitted Baron's allegation that the VA "breached the applicable standard of care in monitoring and diagnosing Plaintiff's prostate cancer" and that, as a result, Baron's "cancer spread . . . and [his] treatment options became limited."  (Answer ¶¶ 7, 8, ECF No. 4.)  The court issued its scheduling order (ECF No. 5) on January 2, 2013, setting March 20, 2013, as the deadline for amendment of the pleadings.  Plaintiff served interrogatories early in March.  "Largely due to a protracted illness of the VA's agency counsel, Defendant began gathering information necessary to respond to Plaintiff's initial discovery requests in early April."  (Amended Motion to Amend at 4, ECF No. 12.)  Upon speaking with Dr. Verosloff on April 15, counsel for the United States learned that Dr. Verosloff contested the allegation that he had not advised Baron concerning treatment options.  According to counsel for the United States, "Dr. Verosloff will testify that he repeatedly discussed treatment options with the Plaintiff, but that in each case the Plaintiff

declined to pursue those options." (Id.) Based on this information, counsel for the United States promptly contacted plaintiff's counsel to request authorization to file a consented-to motion to amend. Upon learning that consent would not be provided, counsel for the United States filed, on April 19, a motion seeking leave to amend the answer. (ECF No. 11.)

The proposed amended answer would deny the allegation of breach of the standard of care and the allegation that negligence was the cause of Baron's worsened prognosis. (Proposed Amended Answer ¶¶ 7, 8, ECF No. 11-1.)

On April 26, counsel filed an amended motion. The amended motion clarifies that counsel for the United States only learned of Dr. Verosloff's perspective in April and had originally answered based solely on consultations with the VA's agency counsel. (Amended Motion to Amend at 6.) According to counsel for the United States, he has seen no evidence that anyone within the VA, other than Verosloff, "knew any details at all about Verosloff's conversations with Plaintiff." (Reply at 2, ECF No. 14.) "Accordingly," says the United States, when it originally answered the complaint "nobody at the VA (other than Verosloff) had any idea that Verosloff had had sufficient conversations with Plaintiff to meet the VA's standard of care with regard to warning Plaintiff about his PSA levels and prostate cancer risk." (Id.) The United States also relates that Dr. Verosloff testified at his deposition on April 29, 2013, that he did not recall having any conversation with VA personnel concerning the matter. (Id. at 3; Deposition Excerpt, ECF No. 14-1.) It appears that the United States originally admitted liability based on Dr. Verosloff's failure to record in Baron's chart that these conversations took place.

## Standard

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, prior to trial a party may amend his pleading once, as a matter of course at the outset of litigation, but may only amend the

pleading further with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a). When leave of court is called for, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is not difficult to meet, but it "becomes compounded with a higher standard" after the court's scheduling order deadline for amendment of the pleadings has expired. El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (D. Me. 2001).

Under Rule 16: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's good cause requirement is designed to ensure that the pleadings become fixed at some point in time. Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008). "[L]iberally granting motions to amend the pleadings—filed after a party has disregarded the scheduling order deadline—would effectively 'nullify the purpose of Rule 16(b)(1).'" O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004) (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1st Cir. 1992)).

The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Prejudice to the opposing party remains relevant but is not the dominant criterion." O'Connell, 357 F.3d at 155. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied[.]" Steir, 383 F.3d at 12.

### Discussion

The failure of the United States to interview a key witness prior to the deadline for amendment of the pleadings certainly complicates its presentation in relation to the good cause standard.[1] Nevertheless, the central focus is diligence and the United States missed the

---

[1] It is surprising that the United States would have admitted negligence in its answer without first contacting the primary care provider whose course of treatment was called into question by the complaint. Be that as it may, the United States' willingness to admit liability so readily should not foreclose it from amending its answer where it has demonstrated reasonable diligence that is not overweighed by the prejudice imposed on Baron's ability to

scheduling order deadline by only one month. Illness of the VA's agency counsel contributed to the AUSA's delayed contact with its primary witness and, upon discovery of the issue, the United States promptly moved to amend. Amendment under these circumstances is tolerable, particularly because there is no appearance of disregard for the court's scheduling order. Moreover, the motion to amend the answer was asserted early enough in the discovery process that Baron's protests concerning prejudice can be addressed adequately through reasonable modifications of the scheduling order, without unduly delaying trial or imposing unreasonable burdens on Baron.

## Conclusion

The motion to amend is granted. The issue of how to modify the scheduling order and what parameters to place on future discovery will be addressed during the discovery telephone conference currently scheduled to take place on Thursday, June 20, 2013, at 3:00 p.m.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
June 11, 2013                    /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge

---

prepare his case. Baron's counsel may have to do some additional discovery, but the issue has already been explored to some extent in the context of the affirmative defense of comparative negligence pled by the defendant in the original answer.