UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THOMAS BARON, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>   Defendant ) | No. 1:12-cv-00334-DBH |

**ORDER ON DEFENDANT'S MOTION FOR MENTAL EXAMINATION**

Plaintiff Thomas Baron alleges medical malpractice based on care he received as a patient of the Department of Veterans Affairs Clinic in Bangor, Maine. His counsel have selected an expert witness to testify on his behalf. Although the Department is paying for the expert's treatment, the treatment is being provided in the context of anticipated litigation testimony. The expert expresses the view that the plaintiff's preexisting post-traumatic stress disorder has been substantially exacerbated by negligent treatment related to the plaintiff's prostate cancer, resulting in extreme anxiety and depression, among other conditions. The defendant requests a court order directing the plaintiff to undergo a mental examination.[1] The court referred the motion, which I now grant.

To begin, there is no contest here with regard to the suitability of the proposed examiner or with respect to the parties' ability to settle upon the time and place or the proposed scope of the examination (a two-to-three hour interview/examination). There is a controversy, however, related to whether the plaintiff may have a third party attend the examination. I address these issues below.

---

[1] What the government requests is an "independent" psychological examination. Rule 35 does not require that the examiner be "independent" and I make no assessment of the independence or objectivity of the proposed examiner.

**The Rule 35 Request**

Pursuant to Rule 35 of the Federal Rules of Civil Procedure:  "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The motion must be made "for good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).  The "in controversy" and the "good cause" requirements are distinct requirements.  Just because a matter is in controversy, it does not automatically follow that there is good cause for the court to order a party to undergo a physical or mental examination.  Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  That does not mean, however, that the standards cannot be met with the same set of circumstances.  These are contextual inquiries.  Sometimes the pleadings can resolve the issues.  Other times affidavits are required.  Evidentiary hearings may be necessary in some cases.  Id. at 119.

> They are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.  Obviously, what may be good cause for one type of examination may not be so for another.  The ability of the movant to obtain the desired information by other means is also relevant.

Id. at 118 (vacating order authorizing examinations where, among other things, the party to be examined had not asserted his mental or physical condition in support of his claim).

The parties are in fundamental disagreement about the appropriate standard for ordering a mental examination.  The defendant/movant says that so long as the plaintiff puts his mental health in issue, there is necessarily good cause for an examination.  The plaintiff says that this amounts to an invalid merger of the "in controversy" and "good cause" requirements.  According to the plaintiff, the good cause standard is higher than the in controversy standard and the defendant must show that it cannot get the information it needs by any other means and must make an evidentiary showing that the discovery it requests will turn up an expert viewpoint that is contrary to the viewpoint anticipated from the plaintiff's expert.  I find that the defendant's characterization of the standard is overly diluted and that the plaintiff's characterization is

2

overly amplified, although I do agree with the plaintiff that the two inquiries are separate and that good cause is not automatically established with a showing that a party's mental health is in controversy. Every Rule 35 motion must be assessed on its own circumstances.

In this case the "in controversy" standard is conceded by the plaintiff. Thus, the only question is whether the defendant has made an adequate showing that there is good cause for a mental examination. Based on the nature of the pleadings, I conclude that good cause is established in this case. The plaintiff, based on the examination of his own expert, maintains that he suffers extreme mental distress and that this distress was substantially exacerbated by the negligence that is alleged in this lawsuit. Consequently, the extent of the plaintiff's preexisting condition and the extent of the exacerbation both require some measurement and will be a feature of the plaintiff's presentation on damages. The defendant has established good cause for a mental examination based on the unfairness that would arise from having the plaintiff's chosen expert serve as the only expert witness on the mental health issue who has ever actually examined the plaintiff. The proposed medical examination is a reasonable approach to ensuring that the defendant has a balanced opportunity to assess the plaintiff's allegations and proof concerning emotional distress damages.

**Plaintiff's Request for Third Party Presence at the Examination**

The party seeking the presence of a third party at a Rule 35 examination carries the burden of convincing the court that such presence is necessary. Stefan v. Trinity Trucking, LLC, 275 F.R.D. 248, 249 (N.D. Ohio 2011); Newman v. San Joaquin Delta Cmty. College Dist., 272 F.R.D. 505, 513-14 (E.D. Cal. 2011); Tirado v. Erosa, 158 F.R.D. 294, 299 (S.D.N.Y. 1994). "The appropriate inquiry is whether special circumstances are present which call for a protective order tailored to the specific problems presented." Tirado, 158 F.R.D. at 299.

Although there is authority for permitting a third party to be present at a Rule 35 examination, the majority of federal courts have held that third parties should be excluded absent special circumstances. See, e.g., McKitis v. Defazio, 187 F.R.D. 225, 228 (D. Md. 1999); Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995); Tomlin v. Holecek, 150 F.R.D. 628, 631 (D. Minn.1993); Wheat v.

Biesecker, 125 F.R.D. 479, 480 (N.D. Ind.1989); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 546 (S.D.N.Y.1978). The court in Romano v. II Morrow, Inc., 173 F.R.D. 271 (D.Or.1997), articulated the reasons for prohibiting third parties at an examination:

> [A]n observer [could] potentially distract the examining psychiatrist and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry.... The Court finds that the presence of an observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard.
>
> Id., at 274, (quoting Shirsat v. Mutual Pharm. Co., 169 F.R.D. 68, 70-71 (E.D.Pa. 1996)

However, in Newman v. San Joaquin Delta Cmty. College Dist., 272 F.R.D. 505, 514 (E.D. Cal. 2011) the court did allow a third party "support person" to be nearby during the examination and allowed the third party to communicate with the examinee during any needed breaks, while not allowing that person to accompany the examinee into the examination room during any part of the exam.  As the court noted, "[t]his compromise preserves the integrity of the mental examination process under the authorities described above, while permitting [the examinee] the security of knowing she has a "support person" nearby."  In the rather unusual circumstances of this case, I endorse the compromise measure as an appropriate protective procedure.

**Contents of Rule 35 Order**

Rule 35 requires that any order issued pursuant to the Rule must specify the time, place, manner, conditions and scope of the examination, as well as the person who will perform it.  I now order that the examination will be conducted by Dr. Rana Dagher, M.D. at her office at the Community Counseling Center in Portland, Maine.  Its duration shall be no longer than 3 hours and Mr. Baron may have a support person available to him for consultation and comfort during any necessary breaks in the examination.  The examination will take place on a mutually agreeable Thursday at 10:00 a.m. between now and July

19, 2013[2], and will be limited to the terms and conditions of a mental status examination as set forth in the affidavit submitted by Dr. Dagher. (ECF No. 20.)

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*

June 21, 2013                   /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge

---

[2] I realize the discovery deadline has been extended, but the examination should be conducted sufficiently in advance of the discovery deadline so as to allow plaintiff time to review the examiner's report and depose the defendant's expert if he believes such a deposition is necessary.